IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DEMICHAEL LADALE MIMS, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> WELLS FARGO BANK, § <br> § <br> Defendant. § | § <br> § <br> CIVIL ACTION NO. 6:23-CV-00519-JCB <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff DeMichael Mims initiated this action, proceeding pro se, on October 24, 2023. (Doc. No. 1.) Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.) The court, having reviewed the allegations, finds that it has no basis for federal jurisdiction over the alleged claims because Plaintiff has not pleaded any facts plausibly invoking grounds for the court's jurisdiction.

**DISCUSSION**

In his complaint, Plaintiff sues Defendant Wells Fargo Bank for claims of breach of contract and breach of fiduciary duty. (Doc. No. 1.) Plaintiff alleges that on May 30, 2023, June 12, 2023, June 27, 2023, and October 2, 2023, he sent letters to the CFO of Wells Fargo Bank instructing the bank to apply balance to his account. *Id.* at 4. Plaintiff alleges that Wells Fargo Bank breached its fiduciary duty by failing to follow the instructions in his letters and by failing to respond to his letters. *Id.* Plaintiff further alleges that Wells Fargo Bank closed his account without authorization. *Id.* For relief, Plaintiff requests that Wells Fargo Bank reopen his account and "enforce the law." *Id.* at 5.

1

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Federal jurisdiction may be established through either federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1331–32. Federal question jurisdiction may be established in civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff has not alleged any facts invoking the violation of the U.S. Constitution, federal law, or treaty to which the United States is a party. Rather, Plaintiff's allegations raise only claims of an alleged breach of contract and breach of fiduciary duty resulting from the handling of his bank account. (*See* Doc. No. 1, at 4.) These claims, construed liberally, do not invoke any federal question.

Federal subject-matter jurisdiction may alternatively be established based on diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction requires that: (1) no defendant is a citizen of the same state as any plaintiff; and that (2) the matter in controversy exceeds $75,000. Here, Plaintiff is alleged to be a citizen of Texas and Defendant is alleged to be a citizen of California. (Doc. No. 1, at 3.) However, Plaintiff's complaint does not allege the requisite amount in controversy. Indeed, Plaintiff seeks only injunctive relief in reopening his account. (Doc. No. 1, at 5.) Further, Plaintiff does not allege any facts to suggest that the amount of controversy would be greater than $75,000 in this case. Plaintiff's attached account balances indicate amounts owed of $770.45 and $827.18. (Doc. No. 1-1, at 13, 18.) Construing these alleged facts liberally, the court cannot infer that the requisite amount in controversy is met. Accordingly, the court lacks jurisdiction over these claims, and they should be dismissed without prejudice.

**CONCLUSION**

For these reasons, the court finds that it does not have subject matter jurisdiction over Plaintiff's claims. As such, the court must dismiss the action. Fed.R.Civ.P. 12(h)(3). It is therefore **RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 30th day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE